a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JESSIE RAY WILLIAMS #143236, Plaintiff | CIVIL DOCKET NO. 5:20-CV-01491 SEC P |
| VERSUS | CHIEF JUDGE S. MAURICE HICKS, JR. |
| JAMES M LEBLANC, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No.1) filed by *pro se* Petitioner Jessie Ray Williams ("Williams"). Williams states that he is a pre-trial detainee at the Bossier Maximum Security Facility in Plain Dealing, Louisiana. Williams challenges the computation of his sentence by the Louisiana Department of Corrections ("DOC").

Because Williams's claim was not properly exhausted, his Petition (ECF No. 1) should be DISMISSED WITHOUT PREJUDICE.

I. Background

Williams alleges that the DOC miscalculated his sentence. Williams claims that he raised the issue in the court of conviction and the Louisiana Second Circuit Court of Appeal. According to Williams, the state district court ruled in his favor, but the DOC did not correct the issue. ECF No. 1 at 3.

Williams was ordered to amend his Petition to show that he exhausted his claim through Louisiana's Corrections Administrative Remedy Procedure ("CARP"), La. Rev. Stat. § 15:1171 *et seq.*, and supervisory review of that procedure by the state courts pursuant to La. Rev. Stat. § 15:571.15. ECF No. 7. In response, Williams references his filing in the Second Circuit in Shreveport. ECF No. 11 at 1. He also provides an undated copy of a Motion for Judicial Review reportedly filed in the 19th Judicial District Court.

## II.  Law and Analysis

Although the statutory language of § 2241(c) contains no express exhaustion requirement, a federal court should abstain from the exercise of its habeas jurisdiction if the issues raised in a petition may be resolved on the merits in the state courts or by some other state procedure available to the petitioner. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Edge v. Stalder*, 83 F. App'x 648, 2003 WL 22976091, at *1 (5th Cir. 2003); *Greer v. St. Tammany Parish Jail*, 693 F. Supp. 502, 508 (E.D. La. 1988). The exhaustion doctrine is applied to § 2241(c) as a matter of comity and is based on federalism grounds to protect the state courts' important independent jurisdictional opportunity to address and initially resolve any constitutional issues arising within their jurisdiction and to limit federal interference in the state adjudicatory process. *See Dickerson*, 816 F.2d at 225.

In § 2241 cases, exhaustion may be excused only under special circumstances. *See Dickerson*, 816 F.2d at 225 (citing *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973). Exceptions exist if the state remedies are either "unavailable or

wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Montano v. Texas*, 867 F.3d 540 (5th Cir. 2017) (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).

A challenge to the computation of a state sentence requires exhaustion under Louisiana CARP and Revised Statute 15:571.15. *See State ex rel. Dalby*, 239 So.3d 268. The procedure entails the following:

(1) A challenge to the computation of a sentence must first be brought through the Department's administrative grievance process. La. R.S. 15:1176;

(2) Then, if the administrative remedies procedure is unsuccessful, the inmate can seek judicial review in the 19th Judicial District Court, East Baton Rouge Parish. See La. R.S. 15:1177 and R.S. 15:571.15;

(3) If unsuccessful at the district court level, the inmate can appeal the decision of the 19th JDC to the "appropriate court of appeal." See La. R.S. 15:1177A(10) and R.S.13:312(1);

(4) Should Petitioner's appeal be unsuccessful, Louisiana law allows him to seek supervisory review in the Supreme Court of Louisiana. La.Code Civ. P. art. 2201; La.Code Crim. P. art. 922.

*Ross v. Louisiana*, Civ. Action No. 18-117-P, 2018 WL 2110687, at * 1-2 (citing *Peters v. 9th Judicial District Court*, 2010 WL 545391, n. 1 (W.D. La. 2010)).

Williams alleges that he sought administrative review at the prison. ECF No. 1. He also provides an undated copy of a motion reportedly filed in the 19th Judicial District Court, but does not state whether the motion was decided or is still pending. ECF No. 11 at 4. The only writ application referenced by Williams is the one filed in the Second Circuit, which encompasses the district in which he was convicted. He does not reference any filings in the First Circuit, which covers the 19th Judicial

3

District. And, a review of the presumptively reliable jurisprudence does not indicate that Williams filed a writ application in the Louisiana Supreme Court. Therefore, it is evident that Williams has not properly exhausted his claim. Williams alleges no reason why the exhaustion requirement should be excused.

Williams must follow the complete process outlined above before seeking review in this Court.

### III. Conclusion

Because Williams's claim was not properly exhausted, IT IS RECOMMENDED that his Petition be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, April 1, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE